JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Ste. 3010
San Francisco, CA 94104
Telephone: 415-283-1000
Facsimile: 415-352-2625
jtopor@snllp.com

MARGARITA COALE (Texas SBN 24012438)
*pro hac vice motion forthcoming*
MATTHEW D. RINALDI (Texas SBN 24033122)
*pro hac vice motion forthcoming*
MILLER, EGAN, MOLTER & NELSON LLP
4514 Cole Avenue, Suite 1250
Dallas, Texas  75205
Telephone: (214) 628-9500
Facsimile: (214) 628-9507
margarita.coale@milleregan.com
matt.rinaldi@milleregan.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINATRUST BANK (U.S.A.), <br><br> Plaintiff, <br><br> v. <br><br> ACLOR, INC., CHICHENG GUNG aka CURTIS GUNG, HULIAN CHEN aka HUI LAN CHAN aka JENNIFER CHEN, ACLOR SERVICIOS OPERATIVOS, and DOES 1 through 60, inclusive, <br><br> Defendants. | Case No. CV-10-5524 HRL <br><br> **DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Aclor, Inc. ("Aclor-US"), Chicheng Gung aka Curtis Gung ("Curtis Gung"), Hulian Chen aka Hui Lan Chen aka Jennifer Chen ("Jennifer Chen"), and Aclor Servicios Operativos ("Aclor-Mexico") (collectively, "Defendants") hereby answer the Verified Complaint for Money (the "Complaint") filed by Plaintiff Chinatrust Bank (U.S.A.) ("Chinatrust" or "Plaintiff") by admitting, denying and asserting the matters set forth below.

1.   In response to paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is now a banking corporation organized and existing under and by virtue of the laws of the State of California, and at all times mentioned in the Complaint, was duly licensed to conduct business in the State of California, and therefore such allegations are denied.  Defendants deny the remaining allegations of paragraph 1.

2.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore such allegations are denied.

3.   Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.   In response to paragraph 4 of the Complaint, Defendants admit that the Courts of Santa Clara County are a permissible, though non-exclusive, venue pursuant to the contracts sued upon.  Defendants deny the remaining allegations of paragraph 4.

5.   Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.   Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.   Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.   Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Defendants admit that Aclor-Mexico maintains its principal place of business in Mexico. Defendants deny the remaining allegations of paragraph 9.

10. In response to paragraph 10 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in the first two sentences of paragraph 13 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13, and therefore such allegations are denied.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Defendants admit the terms of the First Note speak for themselves.

16. In response to paragraph 16 of the Complaint, Defendants admit that Plaintiff has made demand for payment of the sums due and owing under the terms of the First Note, as modified. Defendants deny the remaining allegations of paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

21. In response to paragraph 21 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $1,833,332.00. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

25. In response to paragraph 25 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $1,833,332.00. Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

28. In response to paragraph 28 of the Complaint, Defendants admit the terms of the First Loan Documents speak for themselves.

29. In response to paragraph 29 of the Complaint, Defendants admit that Plaintiff purports to demand of the Possession Defendants that they deliver possession of the Collateral to Plaintiff. Defendants deny the remaining allegations of paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and therefore such allegations are denied.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

34. Defendants admit the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Defendants admit Aclor-US executed and delivered to Plaintiff a written Change in Terms Agreement, that a true copy is attached as Exhibit "10" to the Complaint, and that the terms of the agreement speak for themselves. Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39. Defendants admit the allegations contained in paragraph 39 of the Complaint. In response to paragraph 40 of the Complaint, Defendants admit the terms of the Second Note speak for themselves.

41. In response to paragraph 41 of the Complaint, Defendants admit the terms of the Second Note speak for themselves and that Plaintiff made demand upon Aclor-US for payment of the sums purportedly due and owing under the note. Defendants deny the remaining allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

46. In response to paragraph 46 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $2,000,000.00. Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

50. In response to paragraph 50 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $2,000,000.00. Defendants deny the remaining allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

53. In response to paragraph 53 of the Complaint, Defendants admit that on or about September 30, 2009, January 5, 2010 and February 28, 2010, Curtis Gung executed Commercial Guaranties, that true copies of such guaranties are attached collectively as Exhibit "12" to the Complaint, and that the terms of the guaranties speak for themselves. Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

54. In response to paragraph 54 of the Complaint, Defendants admit the terms of the guaranties signed by Curtis Gung speak for themselves. Defendants deny the remaining

allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, Defendants admit Plaintiff made demand for payment of the sums purportedly due and owing under the guarantees. Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. In response to paragraph 60 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

61. In response to paragraph 61 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $3,833,332.00. Defendants deny the remaining allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

64. In response to paragraph 64 of the Complaint, Defendants admit that on or about September 30, 2009, January 5, 2010 and February 28, 2010, Jennifer Chen executed Commercial Guaranties, that true copies of such guaranties are attached collectively as Exhibit "13" to the Complaint, and that the terms of the guaranties speak for themselves. Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Defendants admit the terms of the guaranties signed by Jennifer Chen speak for themselves. Defendants deny the remaining allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. In response to paragraph 67 of the Complaint, Defendants admit Plaintiff made demand for payment of the sums purportedly due and owing under the guarantees. Defendants deny the remaining allegations contained in paragraph 67 of the Complaint

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants admit the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

72. In response to paragraph 72 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $3,833,332.00. Defendants deny the remaining allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

75. In response to paragraph 75 of the Complaint, Defendants admit that on or about September 30, 2009, January 5, 2010 and February 28, 2010, Aclor-Mexico executed Commercial Guaranties, that true copies of such guaranties are attached collectively as Exhibit "14" to the Complaint, and that the terms of the guaranties speak for themselves. Defendants

deny the remaining allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. In response to paragraph 78 of the Complaint, Defendants admit Plaintiff made demand for payment of the sums purportedly due and owing under the guarantees. Defendants deny the remaining allegations contained in paragraph 78 of the Complaint

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants admit the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. In response to paragraph 82 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs of this Answer as if fully rewritten.

83. In response to paragraph 83 of the Complaint, Defendants admit Aclor-US became indebted to Plaintiff in the principal sum of $3,833,332.00. Defendants deny the remaining allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint. Defendants deny that Plaintiff is entitled to the relief sought on any and all causes of action in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting all or part of the asserted claims set forth in the Complaint under the legal and equitable doctrines of waiver and estoppel.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting all or part of the asserted claims set forth in the Complaint by a failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting all or part of the asserted claims set forth in the Complaint by the failure of a condition precedent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting all or part of the asserted claims set forth in the Complaint by its own prior breach of the Agreement.

In addition to the foregoing affirmative defenses, Defendants reserve the right to plead any additional affirmative defenses which are uncovered throughout the course of this litigation.

WHEREFORE, Defendants Aclor, Inc., Chicheng Gung aka Curtis Gung, Hulian Chen aka Hui Lan Chen aka Jennifer Chen, and Aclor Servicios Operativos pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint;

2. For costs and attorneys' fees incurred in this action;  and

3. For such other and further relief, at law or in equity, as the Court may deem just and proper.

//

//

//

Respectfully submitted,

DATED:  December 13, 2010

SIMMONDS & NARITA LLP
JEFFREY A. TOPOR

MILLER, EGAN, MOLTER & NELSON LLP
MARGARITA COALE
MATTHEW D. RINALDI

By:   s/Jeffrey A. Topor
     Jeffrey A. Topor
     Attorney for Defendants

CHINA TRUST BANK (U.S.A.) V. ACLOR, INC. ET AL.
DEFENDANTS' ANSWER TO COMPLAINT

- 11 -