\*\*E-Filed 5/3/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHINATRUST BANK (U.S.A.),<br><br>Plaintiff,<br><br>v.<br><br>ACLOR, INC., CHICHENG GUNG aka CURTIS GUNG, HULIAN CHEN aka HUI LAN CHAN aka JENNIFER CHEN, ALCOR SERVICIOS OPERATIVIS, and DOES 1 through 60, inclusive,<br><br>Defendants. | Case Number 5:10-cv-5524 JF<br><br>**ORDER[1] DENYING MOTION TO REMAND**<br><br>[re doc. no. 14] |

Plaintiff Chinatrust Bank ("Chinatrust") filed this action in the Santa Clara Superior Court to collect funds allegedly owed to it by Defendant Aclor Inc. ("Aclor") under a series of loan agreements between the parties. Aclor removed the action to this Court on the basis of diversity of citizenship. Chinatrust now moves to remand, claiming that the loan agreements contain a forum selection clause in which Aclor agreed to submit to the jurisdiction of courts located in Santa Clara County. Because the clause does not expressly require a state court

---

[1] This disposition is not designated for publication in the official reports.

forum, the Court concludes that the clause does not preclude removal to federal court.[2]

Federal law governs the enforceability of forum selection clauses in cases removed on the basis of diversity jurisdiction. *Calisher & Assocs. v. RGCM, LLC*, 373 Fed. Appx. 697, 698 (9th Cir. 2010). A forum selection clause that designates a state court as the exclusive forum is a mandatory clause requiring that the case be remanded. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). However, if the forum selection clause merely indicates that the parties consent to a particular jurisdiction but does not provide that they cannot litigate elsewhere, the clause does not preclude removal to federal court. *Id.*

The operative loan documents include a "Choice of Venue" clause,[3] which states:

> If there is a lawsuit, [Defendants] agree upon [Chinatrust's] request to submit to the jurisdiction of the courts of SANTA CLARA County, State of California.

Pendergrass Decl. ¶ 2, Ex. 1. Chinatrust contends that because it brought its suit in the Santa Clara Superior Court and Aclor agreed to submit to the jurisdiction of that court, Aclor has no right to remove the case to federal court. It relies upon *Docksider, LTD v. Sea Technology, LTD*, 875 F.2d 762 (9th Cir. 1989), in which the Ninth Circuit held that a forum selection clause stating that "[v]enue in any action brought hereunder shall be deemed to be in Gloucester County, Virginia," established the exclusive jurisdiction of Virginia state courts over suits arising from the contract. In that case, the Ninth Circuit concluded that the parties agreed not only to submit to the jurisdiction of the courts in Gloucester County, but also that those courts would be the *exclusive* venue for any contractual dispute. *Id.* at 764.

While the clause at issue in this case states that Aclor agrees to the jurisdiction of the courts of Santa Clara County, it does not state that those courts have exclusive jurisdiction.

---

[2]The Court concludes that this motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

[3] The agreement states that the "[c]aption headings are for convenience purposes only and not to be used to interpret or define the provisions of [the] Agreement." Pendergrass Decl. ¶ 2, Ex. 1.

2

1  *Docksider* states that "[w]hen only jurisdiction is specified the clause will generally not be
2  enforced without some further language indicating the parties' intent to make jurisdiction
3  exclusive." *Id.*  The Ninth Circuit since has held that even a forum selection clause stating that
4  an arbitration award "shall be enforceable by a petition to confirm an arbitration award filed in
5  the Superior Court of the City and County of San Francisco" was insufficiently exclusive to
6  prevent removal to federal court. *Council of Laborers*, 69 F.3d at 1036.  Other district courts in
7  this circuit have applied the same principle to language nearly identical to that at issue here.  *See*
8  *Aviation Fin. Group, LLC v. DUC Housing Partners, Inc.*, No. 1:08-cv-535, 2009 WL 1298403
9  (D. Idaho May 7, 2009) (denying remand motion where the alleged forum selection clause stated
10 that "Grantor agrees upon Lender's request to *submit to the jurisdiction* of the Courts of Ada
11 County, State of Idaho" (emphasis added)); *Thomas v. Mayhew Steel Prods.*, No. 04-3065-CO,
12 2004 WL 2486260 (D. Or. Nov. 4, 2004) (concluding that a clause stating that "the parties
13 mutually submit to the jurisdiction of" the courts of Jackson County, Oregon, was unenforceable
14 as a forum selection clause).

15      Because the choice of venue clause in the instant case does not show that the parties
16 intended to designate the state court as the exclusive jurisdiction for disputes arising under the
17 contract, Chinatrust's motion to remand will be denied.

18      **IT IS SO ORDERED.**

19
20      DATED: May 3, 2011         JEREMY FOGEL
                                    United States District Judge

3

Case Number 5:10-cv-05524 JF
ORDER DENYING MOTION TO REMAND
(JFLC3)